IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELISSA HOPE SAWYER,<br><br>Defendant. | Case No. 22-CR-0338-009-SEH<br><br>USM No.: 08104-062 |

## OPINION AND ORDER

Before the Court is defendant Melissa Sawyer's motion to compel return to federal custody or an amendment to her sentence to run it concurrently with her undischarged state sentence, filed on January 16, 2025. [ECF No. 350]. Defendant is currently an inmate of the Oklahoma Department of Corrections serving concurrent 40-month sentences in Tulsa County District Court Case CF-2024-819.

On October 5, 2022, Defendant was arrested by the United States Marshals Service in the instant case and was released on bond on October 14, 2022. On October 6, 2023, she pleaded guilty in the instant case to use of a communication facility in committing, causing, and facilitating the commission of a drug trafficking felony, in violation of 21 U.S.C. §§ 843(b) and 843(d)(1). She remained on bond awaiting sentencing. On February 20, 2024, Defendant was arrested by the Oklahoma Bureau of Narcotics and

Dangerous Drugs on unrelated state charges. She was charged in Tulsa County District Court Case CF-2024-819 with one count of aggravated trafficking of methamphetamine, and one count of acquiring proceeds from drug activity, and remained detained. On April 15, 2024, pursuant to a writ of habeas corpus ad prosequendum, defendant was arrested by the United States Marshals Service and appeared before United States Magistrate Judge Jodi F. Jayne for an initial appearance on a warrant and petition to revoke her bond in the instant federal case. Defendant's bond was ordered revoked on that date. On May 13, 2024, Defendant was sentenced in the instant case to 40-months custody of the Bureau of Prisons. [ECF No. 304]. The Court was silent with respect to whether the federal imprisonment term was to run concurrently or consecutively with any future sentence imposed in the Tulsa County District Court case. As a result, the sentence is deemed to run consecutively to any sentence imposed in the state case. *See* 18 U.S.C. § 3584(a) (multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently).

On June 24, 2024, Defendant pleaded guilty to both counts in Tulsa County District Court Case CF-2024-819 and was sentenced to concurrent terms of 40-months of imprisonment. The state court further ordered the sentences to run concurrently with the sentence in the instant federal case.

At the time of sentencing in the instant case, Defendant was in the primary custody of the State of Oklahoma, as she was arrested first by state authorities on February 20, 2024. Under the principle of primary custody, "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant." *Weekes v. Fleming,* 301 F.3d 1175, 1180 (10th Cir. 2002); *see also Binford v. United States*, 436 F.3d 1252 (10th Cir. 2006). When two different sovereigns sentence an inmate for separate crimes, the sovereign that first arrested the inmate acquires and maintains primary jurisdiction over the inmate until the sentence imposed by that sovereign has been satisfied. *United States v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002); *see also United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998).

A writ of habeas corpus ad prosequendum has no effect on jurisdictional priority. *See Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir. 1992); *Evans*, 159 F.3d at 912. Because the state first arrested Defendant, it retained primary jurisdiction even though the federal court first sentenced her. Thus, Defendant must serve the state term first and the federal term will run consecutively, as provided by 18 U.S.C. § 3584(a). Such a determination is a "federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently obtained state conviction." *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir.1991).

As to Defendant's request for the Court to amend her sentence to run concurrently with the state sentence, once the Court imposes a sentence, the sentence is final. *See* 18 U.S.C. § 3582(b); *see also* Fed. R. Crim. P. 35(a)- Correcting or Reducing a Sentence. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. *United States v. Blackwell,* 81 F.3d 945, 947, 949 (10th Cir.1996). Further, the Court finds that the state conviction is unrelated to the instant case and did not influence guideline calculations under USSG §1B1.3 – relevant conduct. The Court is aware of its authority under *Barden v. Keohane,* 921 F.2d 476 (3rd Cir. 1990), *Setser v. United States,* 566 U.S. 231 (2012) and BOP Policy Statement § 5160.05(9), to retroactively recommend to the Bureau of Prisons that the instant sentence run concurrently with the State of Oklahoma sentence that had not yet been imposed at the time of Defendant's sentencing in the instant case, and designate the state penal facility as the place of incarceration. However, based on Defendant committing the state offense while on pretrial bond in the instant federal case and the state charges being indicative of Defendant's continued pattern of illegal drug distribution despite her guilty plea and having been under court-ordered supervision in the instant case, the Court declines to make a *nunc pro tunc* recommendation for concurrent designation to the Bureau of Prisons.

Finally, "[w]hether custody of a prisoner will be surrendered or retained is a matter of comity and is to be determined by the sovereign having custody." *Gee v. Kansas,* 912 F.2d 414, 417 (10th Cir. 1990). The State of Oklahoma continues to retain primary jurisdiction and custody of defendant, and there is no evidence the state has relinquished its custodial right.

**IT IS THEREFORE ORDERED** that Defendant's motion to compel return to federal custody or amendment to sentence to run it concurrently with the undischarged state sentence [ECF No. 350], is **denied**.

**DATED** this 27th day of January, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE